Case 04-20147-rlj7 Doc 161 Filed 06/02/05 Entered 06/02/05 10:55:33 Page 1 of 4

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the order of the Court.**

Signed June 1, 2005                                                                                        United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT WARREN PAIGE, | § | CASE NO. 04-20147-RLJ-7 |
| | § | |
| DEBTOR | § | |

### MEMORANDUM OPINION AND ORDER

The Court considers the motion of Kent Ries, the Chapter 7 Trustee (the "Trustee"), seeking to pay and compromise claims 26 and 27 of the Amarillo National Bank ("ANB"). William A. Hoy ("Hoy"), a creditor, objects to the Trustee's proposal. A hearing was held May 16, 2005.

The Trustee is holding $502,585 derived from the sale of the debtor's interest in Kismet Properties, Inc. ("Kismet") and Playa Petroleum, Inc. ("Playa"). The Court approved the sale by its order entered January 27, 2005. All valid liens followed and attached to the proceeds of the sale. ANB's claim number 27, which amends claim number 22, is for $811,446.13. This claim is secured by the debtor's interest in the Kismet stock to the extent,

as of the date of the bankruptcy filing, of $100,028.46. ANB's claim number 26, which amends claim number 20, is for $3,295,065.89. This claim is based on a loan to Kismet, which was guaranteed by the debtor, Robert Paige, and secured by Paige's interest in Kismet and Playa. By the Court's order entered December 16, 2004, the Court directed that the parties present at the hearing held December 13, 2004, the initial hearing held on the Trustee's motion seeking authority to sell the Kismet and Playa stock, had twenty days from December 13, 2004, to file an objection to either of ANB's claims 26 or 27. Hoy was present at the December 13 hearing as an objecting party.

The Trustee sold the Kismet stock to Kismet for $425,000 and the Playa stock for $77,584. The Trustee now proposes to disburse the funds to ANB in accordance with an agreement reached between the Trustee and ANB. ANB agrees to the Trustee retaining three percent of the proceeds ($2,327.52 of the Playa sale proceeds and $12,750 of the Kismet sale proceeds), plus an additional $1,938 from the Playa proceeds to cover the estimated tax liability of the bankruptcy estate for the sales. The Trustee and ANB have further agreed that in exchange for payment of the net proceeds to ANB, and the Trustee assigning any subrogation rights the estate may have for payment of the sales proceeds to ANB, ANB will waive any claim against the bankruptcy estate for that portion of the claim number 27 in the amount of $100,028.46 and the entirety of claim number 26 in the amount of $3,295,065.89. The waiver is not applicable to the debtor personally, however. The other claims of ANB are not affected by the compromise.[1]

The Trustee contends the agreement with ANB benefits the bankruptcy estate because

---

[1] ANB has filed five separate claims in this case.

it allows the Trustee to retain approximately $17,000 of encumbered funds and, more importantly, eliminates the $3.2 million claim of ANB.

Hoy argues that the Trustee should, at most, pay the debt "directly" owed by the debtor, i.e. the portion of claim number 27 in the amount of $100,028.46, but should not pay any of the debtor's guaranteed debt, i.e. claim number 26 for $3,295,065.89. Hoy submits that ANB's claim number 26 is otherwise fully secured without resort to the stock, and that the notes representing the claim are current. Hoy requests that the Court estimate ANB's claim number 26 at zero and thereby eliminate the necessity of paying the balance of the proceeds to ANB.

Evidence presented at the hearing reflects that claims 26 and 27 have been reduced since the bankruptcy filing. Claim number 26 has been reduced to $2,687,408.34; the $100,028.46 portion of claim number 27 has been reduced down to $85,727.31. In addition, the Kismet note representing the $3,295.065.89 claim has been refinanced with ANB providing additional funding and thereby resulting in a new balance of $4,223,462.69, with an available credit line of $4,872,050. It is apparent that ANB is comfortable with its loans to Kismet. Hoy contends that, assuming the Trustee pays off the debtor's direct debt of $85,722.31, and ANB is paid by Kismet on the $3,295,065.89 loan, the balance of the funds derived from the sale of the stock would be freed-up for unsecured creditors of the bankruptcy estate.

It is the Court's view that the real tradeoff in the Trustee's proposal is the assignment of the subrogation rights in return for ANB's waiver of its $3,295,065.89 claim. It appears the estate's subrogation rights would be of significant value given the apparent viability of Kismet. But, by assigning such subrogation rights to ANB, ANB waives claim number 26. The

question, then, is whether the estate is better off by retaining the subrogation rights and thus potentially saddling the estate with the balance of the $3,295,065.89 (at present reduced to $2,687,408.34) claim of ANB or assigning its subrogation rights and eliminating this claim of ANB. From the evidence presented, it is difficult for the Court to ascertain the best course of action. The estate is arguably better off under the first scenario if ANB's claim is paid off by Kismet. It is noteworthy that this claim has already been significantly reduced since the filing of the bankruptcy case. On the other hand, if there is a risk that Kismet is unable to pay the claim, the estate is better off with the claim being waived. Other factors that may be relevant include the value and availability of other assets to liquidate, the length of time it takes Kismet to satisfy the $3,295,065.89 claim, and the anticipated recovery of unsecured creditors under either scenario. A revision of the proposal may also simplify the analysis. For example, were the subrogation rights to somehow revert back to the estate upon Kismet's satisfaction of all or a portion of claim number 26, concerns regarding the estate's loss of the subrogation rights would be alleviated.

On balance, as presented, is impossible to determine the better course of action. The Court, therefore, denies the Trustee's motion but does so without prejudice to reurging the motion or any alternative proposal between the Trustee and ANB. It is, therefore,

ORDERED that the Trustee's motion to pay and compromise secured claim numbers 26 and 27 of Amarillo National Bank is denied without prejudice.

### End of Order ###