

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed March 4, 2009                                                                 United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT WARREN PAIGE, | § | CASE NO. 04-20147-RLJ-7 |
| | § | |
| DEBTOR | § | |

### MEMORANDUM OPINION AND ORDER

Kent Ries, the chapter 7 trustee, filed his motions requesting that the Court reconsider two orders entered by the Court on December 18, 2008.[1] The orders were issued on separate motions filed by the debtor, Robert Warren Paige, and the debtor's wife, LaDon Paige, respectively, seeking to quash appearance subpoenas served on them by the trustee. The trustee contends that the Court committed manifest errors of law and fact in connection with entry of the orders and the Court should thereby deny the Paiges' motions to quash or, alternatively, alter,

---

[1] The trustee's motions are each entitled "Plaintiff's Rule 9023 Motion for New Trial, or in the Alternative, Rule 9023 Motion to Alter or Amend Judgment." The introductory paragraph of each motion states that relief is sought pursuant to Federal Rules of Civil Procedure 59 and 60. Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure while Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure. The motions were both filed on December 29, 2008; they were therefore both timely filed under either of Rules 59 or 60.

amend, or correct the orders. LaDon Paige, through counsel, filed her response to the trustee's motion and contends that the Court did not commit any error of law or fact and that no new evidence exists to justify alteration of the Court's order.[2]

The orders resulted from hearings held on December 15, 2008, at which time three matters were addressed: (1) the trustee's motion to quash a production subpoena issued by LaDon Paige; (2) LaDon Paige's motion to compel the trustee to comply with the same production subpoena; and (3) the motions of the debtor, Robert Paige, and LaDon Paige, respectively, to quash the attendance subpoenas issued and served at the behest of the trustee, Kent Ries. As the parties are fully aware, these matters arose in connection with the trustee's motion seeking approval of a settlement between the trustee, on behalf of the bankruptcy estate, and Winstead Sechrest & Minick, P.C. In responding to the trustee's motion seeking approval of the compromise, each of the Paiges filed their response specifically stating that while they did not object to the amount of the settlement, they did dispute the trustee's stated reasons for the settlement. LaDon Paige, through her counsel, served a production subpoena on the trustee, Ries, and, in response to Ries's motion to quash such subpoena, filed her own motion to compel. Ries then had Bart Pruitt, another attorney, issue appearance subpoenas on the Paiges directing that they each appear at the hearing on December 15. Ries attacked the motives of the Paiges in challenging the stated reasons for the settlement.

In addressing the trustee's request, the Court focuses on the precise language of the orders at issue, the ruling the Court made in open court that precipitated submission of the

---

[2]The debtor, Robert Paige, did not file a response, but the Court assumes that Robert Paige opposes reconsideration of the orders, as well.

orders, and the affidavits submitted by counsel for LaDon Paige and counsel for Robert Paige as required by the two orders.

As indicated, one order was issued in connection with a motion to quash filed by Robert Paige, the other was issued in connection with a motion to quash filed by the debtor's wife, LaDon Paige. In pertinent part, the orders state as follows:

> The Court can find no basis for the issuance of the subpoena which is the subject of the Motion, the subpoena was entered by an attorney not representing the estate on the direction of an attorney for the estate (thereby creating confusion), and the subpoena appears to the Court to have been somewhat retaliatory to the motion filed by R. Paige [L. Paige]; therefore, the subpoena shall be and is hereby quashed *nunc pro tunc* to December 11, 2008; and
>
> . . . R. Paige [L. Paige] shall be and is awarded her [sic] [her] reasonable and necessary attorney's fees and costs against Kent Ries, Trustee ("**Trustee**"), and Bart Pruitt, individually, jointly, and severally, in an amount to be determined by the Court on presentment of an affidavit of counsel for R. Paige [L. Paige] which shall be filed and served in this Case on or before January 9, 2009.

Orders Granting Motions to Quash, Dkt. Nos. 518, 519 at ¶¶ 2, 3 (Dec. 18, 2008).

The Court has reviewed the transcript of its ruling. In granting the motions to quash filed by both LaDon Paige and Robert Paige, the Court noted that "in both instances it has been represented to the Court that both LaDon Paige and Dr. Paige would be present at this hearing." With respect to attorney's fees and expenses, the Court specifically stated that it "will *entertain* attorney's fees and expenses incurred in connection with those two motions, although I want those to be submitted by affidavit and certified to by counsel for both LaDon Paige and Dr. Paige." (Emphasis added.) At the conclusion of the hearing, the Court instructed Mr. Akerly to submit orders in accordance with the Court's ruling. The two orders were prepared and submitted by Mr. Akerly.

Counsel for LaDon Paige, Bruce Akerly, submitted his affidavit in support of his firm's fees and expenses in the total amount of $10,036.50, which represents fees of $9,742.50 and costs of $294. The fees are based on 19.8 hours of work performed by Mr. Akerly (at $425 per hour) and 5.9 hours of work performed by Heather H. Jobe (at $225 an hour). Jeffrey R. Seckel, counsel for Robert Paige, submitted his affidavit in support of his firm's fees and expenses in the total amount of $7,228.75, which represents fees of $6,889.75 and costs of $339. Seckel's affidavit does not specify the time expended or rates charged, but provides his opinion that the amounts charged are fair and reasonable.

Akerly's affidavit says that he had contacted Mr. Pruitt asking that he withdraw the subpoena that was served on LaDon Paige and that he "informed him that it was *likely* that L. Paige would attend any hearing set by the Court and requested that she not have to attend the Docket Call." Affidavit of Bruce K. Akerly, Dkt. No. 523 at ¶ 6 (emphasis added). He states further that, "after the matter was discussed at the Docket Call and representations were made that L. Paige was *likely* to attend any hearing, Trustee and Mr. Pruitt refused to withdraw the Subpoena." *Id*. (emphasis added).

Upon further review of the foregoing matters, the Court is satisfied that the orders incorrectly state the Court's ruling. The Court therefore erred in approving the orders. The Court specifically stated on the record that it would "entertain" the attorney's fees and expenses incurred in connection with the motions to quash the production subpoenas. That the Court would entertain an award of attorney's fees means nothing more than that the Court would consider an award of attorney's fees after the affidavits setting forth the amounts were filed. In addition, while the Court had some misgivings regarding the trustee's issuance and service of the

appearance subpoenas, the Court's willingness to consider an award of attorney's fees was premised, in large part, on the Court's conclusion that, as had been represented to the Court, both LaDon Paige and the debtor, Robert Paige, intended to be present at the hearing, regardless. It is clear from Mr. Akerly's affidavit that there was never an unequivocal representation to Mr. Pruitt or the trustee that LaDon Paige was going to attend the hearing. The Court assumed that the attorney's fees incurred in connection with the motions to quash would be minimal given that the Paiges intended to attend the hearing. This is not the case. The requested attorney's fees are, in the Court's view, extraordinarily high. The amount of the fees belies any representation that the Paiges were going to attend the hearing. The orders shall be modified to state that the Court will entertain an award of attorney's fees and costs to Robert Paige and LaDon Paige. In addition, the Court holds that, upon further consideration of the Paiges' requests for fees and expenses, such requests are denied.

Accordingly, it is hereby

ORDERED that the Court's order entered December 18, 2008, on the motion to quash and for protective order filed by the debtor, Robert Warren Paige, is hereby modified to provide that the Court will entertain the request for attorney's fees and costs upon presentment of an affidavit by counsel for Robert Paige; it is further

ORDERED that upon consideration of Robert Paige's request for fees and costs and the affidavit submitted in support thereof, the Court denies same; it is further

ORDERED that the Court's order entered December 18, 2008, on the motion to quash and for protective orders filed by LaDon Paige, is hereby modified to provide that the Court will

entertain the request for attorney's fees and costs upon presentment of an affidavit by counsel for LaDon Paige; it is further

ORDERED that upon consideration of LaDon Paige's request for fees and costs and the affidavit submitted in support thereof, the Court denies same; it is further

ORDERED that any other relief requested by the trustee concerning the two orders is denied.

### End of Memorandum Opinion and Order ###